IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MONTELL ALEXANDER BOWMAN, | ) | CIVIL NO. 23-00283 SOM/KJM |
| | ) | |
| Plaintiffs, | ) | ORDER DISMISSING COMPLAINT; |
| | ) | ORDER GRANTING PLAINTIFF |
| vs. | ) | PERMISSION TO FILE A MOTION |
| | ) | SEEKING LEAVE TO FILE AN |
| CLARE E. CONNORS, United | ) | ATTACHED "FIRST AMENDED |
| States Attorney for the | ) | COMPLAINT" |
| District of Hawaii; and | ) | |
| ANNE E. LOPEZ, State of | ) | |
| Hawaii Attorney General, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DISMISSING COMPLAINT; ORDER GRANTING PLAINTIFF
PERMISSION TO FILE A MOTION SEEKING LEAVE TO FILE
AN ATTACHED "FIRST AMENDED COMPLAINT"**

**I.        INTRODUCTION.**

On July 11, 2023, Plaintiff Montell Alexander Bowman filed a Complaint against Defendant Clare E. Connors (the United States Attorney for the District of Hawaii) and Anne E. Lopez (the State of Hawaii Attorney General). *See* ECF No. 1. On August 4, 2023, Lopez moved to dismiss the Complaint, arguing that it failed to state a claim on which relief could be granted. *See* ECF No. 10. Because the court agrees that the Complaint fails to allege facts on which a viable claim for relief may be premised, this court dismisses the Complaint. No later than September 22, 2023, Bowmen may file a motion seeking permission to file a proposed "First Amended Complaint," a draft of which must be attached to his motion.

## II.        FACTUAL BACKGROUND.

Bowman's Complaint contains almost no factual allegations.  Bowman does not explain what happened or why he is suing either Connors or Lopez.  Bowman says the basis of this court's jurisdiction is "Tort Law, Constitution: Right to a fair trial, Freedom of expression."  ECF No. 1, PageID # 4.  However, the Complaint fails to explain how Bowman has been denied a fair trial or how his First Amendment rights were infringed.  At best, Bowman explains that he feels, talks to, and sees people when they are not there.  *Id.*, PageID # 5.  He seeks one billion dollars.  *Id.*, PageID # 6.

## III.       STANDARD.

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  *See Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996).  However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

"[T]o survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact."  *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**IV.      ANALYSIS.**

There are almost no factual allegations in Bowman's Complaint, much less allegations supporting a viable claim.  As noted in *Twombly*, 550 U.S. at 555, the factual allegations in a complaint, when assumed to be true, must be enough to raise a right to relief above the speculative level.  *See also Iqbal*, 556 U.S. at 678.

3

Bowmans's allegations are so limited and unclear that they do not indicate what claims are being asserted against which Defendant and why.  Nor do the allegations clearly explain how Bowman was hurt by any Defendant's conduct or where that conduct occurred.  Bowman's Complaint therefore fails to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  It does not "plead[] factual content that allows the court to draw the reasonable inference that [a] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677.  Simply put, the allegations in Bowman's Complaint are insufficient to support any viable claim, as the court cannot tell what happened and why any particular Defendant is being sued.  Accordingly, the court grants Lopez's motion to dismiss the Complaint.

Because the failure to plead viable claims is readily apparent with respect to each Defendant, the court dismisses the Complaint in its entirety.  Rather than give Bowman leave to file a "First Amended Complaint," this court, noting the nature of the original Complaint in this matter, gives Bowman permission to file only a motion seeking leave to file a "First Amended Complaint."  Bowman must attach to any such motion a draft of his proposed "First Amended Complaint."  No Defendant is required to respond to any such motion.  Instead, this court will review the allegations in any draft of Bowman's "First Amended Complaint" to

4

see whether Bowman might state a possible viable claim against any Defendant.

**V.         CONCLUSION.**

The Complaint is dismissed.[1]  All pending deadlines, hearings, and conferences are vacated.

**The court grants Bowman leave to file a motion that seeks court permission to file a "First Amended Complaint" no later than September 22, 2023.  Bowman must attach a draft of any proposed "First Amended Complaint" to any motion seeking such leave.**  The court provides some guidance to Bowman if he decides to file a First Amended Complaint.  First, Bowman should title his new draft "First Amended Complaint."  Bowman may, but need not, use a court form from this court's website, available at https://www.hid.uscourts.gov/court-forms/civil (last visited August 22, 2023).  The Clerk of Court is directed to provide to Bowman a copy of Form Pro Se 1 (Complaint in a Civil Case), but the court notes that other forms may be more applicable.  If Bowman uses a court form, he may write the words "First Amended" before the word "Complaint."

Second, Bowman should identify each Defendant and state in simple language what each Defendant allegedly did and what

---

[1] Although Defendant Clare Connors has not moved to dismiss, the allegations against her suffer from the same defects as the allegations against Lopez, the moving party.

statute, law, or duty was supposedly breached by that Defendant. In other words, Bowman should allege facts with respect to what each Defendant allegedly did and what each Defendant should be held liable for.  Any First Amended Complaint should contain enough factual detail for a person unfamiliar with the matter to understand why Bowman is suing each Defendant.  Bowman may not simply refer to other court files or cases, and he may not incorporate anything by reference (including the original Complaint) in the First Amended Complaint.  Instead, the First Amended Complaint must stand on its own in alleging the factual detail underlying the claims asserted in it.

Third, Bowman should articulate the relief he is seeking.  That is, if he is seeking monetary damages or prospective injunctive relief, he should say so clearly and identify the Defendant(s) from whom he is seeking such relief.

Finally, a federal court may not exercise jurisdiction over a case unless (1) it raises a federal question, or (2) the parties are diverse and more than $75,000 is in issue.  A complaint should contain enough information to allow this court to determine whether it has subject matter jurisdiction.

To summarize, Bowman may file a motion seeking court permission to file a First Amended Complaint stating one or more viable claims no later than September 22, 2023.  Bowman is free to opt not to file any such motion.  If he fails to meet the

6

deadline for such a motion, this action will be automatically dismissed without further court order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 23, 2023.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Bowman v. Connors, et al*; Civ. No. 23-00283 SOM/KJM; ORDER DISMISSING COMPLAINT; ORDER GRANTING PLAINTIFF PERMISSION TO FILE A MOTION SEEKING LEAVE TO FILE AN ATTACHED "FIRST AMENDED COMPLAINT"